VIRGINIA:

IN THE CIRCUIT COURT FOR THE COUNTY OF PULASKI

| | |
|---|---|
| JESSE C. THOMAS | ) |
|     Plaintiff, | ) |
| v. | ) Case No.: CL _____ |
| WAL-MART STORES EAST, LP. | ) |
| Serve: CT Corporation System, Registered Agent | ) |
|        4701 Cox Road, Ste. 285 | ) |
|        Glen Allen, VA 23060 | ) |
|        (County of Henrico) | ) |
| and | ) |
| WAL-MART INC | ) |
| and | ) |
| WAL-MART STORES, INC. | ) |
| and | ) |
| WAL-MART STORES EAST, INC. | ) |
|     Defendants. | ) |

## COMPLAINT

COMES NOW the Plaintiff, Jesse C. Thomas, by counsel, and moves for judgment against Defendants, Wal-Mart Stores East, LP, Wal-Mart Inc., Wal-Mart Stores, Inc., and Wal-Mart Stores East, Inc., jointly and severally, on the grounds and in the amount hereinafter set forth:

1. At all times pertinent hereto the Defendant, Wal-Mart Stores East, LP, is a Delaware limited partnership with its principal place of business in Bentonville, Arkansas.

2. At all times pertinent hereto the Defendant, Wal-Mart Stores East, LP, (hereinafter referred to as "Wal-Mart"), does substantial business in the County of Pulaski in the



Skolrood
law firm
nnade Corporate Center
Colonnade Drive, SW
Suite 225
noke, Virginia 24018
hone 540-989-0500
Fax 540-989-1888


EXHIBIT A

Commonwealth of Virginia, and is in the business of managing and operating retail variety stores known as Wal-Mart, particularly Wal-Mart located at or about 5225 Alexander Road, Dublin, Virginia 24084, in the County of Pulaski, in the Commonwealth of Virginia (hereinafter referred to as "the Store").

3.  At all times pertinent hereto the Defendant, Wal-Mart Inc., is a Delaware Corporation with its principal place of business in Bentonville, Arkansas.

4.  At all times pertinent hereto the Defendant, Wal-Mart Inc., (hereinafter referred to as "Wal-Mart"), does substantial business in the County of Pulaski in the Commonwealth of Virginia, and is in the business of managing and operating retail variety stores known as Wal-Mart, particularly Wal-Mart located at or about 5225 Alexander Road, Dublin, Virginia 24084, in the County of Pulaski, in the Commonwealth of Virginia (hereinafter referred to as "the Store").

5.  At all times pertinent hereto the Defendant, Wal-Mart Stores, Inc., is a Delaware Corporation with its principal place of business in Bentonville, Arkansas.

6.  At all times pertinent hereto the Defendant, Wal-Mart Stores, Inc., (hereinafter referred to as "Wal-Mart"), does substantial business in the County of Pulaski in the Commonwealth of Virginia, and is in the business of managing and operating retail variety stores known as Wal-Mart, particularly Wal-Mart located at or about 5225 Alexander Road, Dublin, Virginia 24084, in the County of Pulaski, in the Commonwealth of Virginia (hereinafter referred to as "the Store").

7.  At all times pertinent hereto the Defendant, Wal-Mart Stores East, Inc., is a Delaware Corporation with its principal place of business in Bentonville, Arkansas.

8.  At all times pertinent hereto the Defendant, Wal-Mart Stores East, Inc.,

Skolrood
law firm
nnade Corporate Center
Colonnade Drive, SW
Suite 225
noke, Virginia 24018
hone 540-989-0500
Fax 540-989-1888

(hereinafter referred to as "Wal-Mart"), does substantial business in the County of Pulaski in the Commonwealth of Virginia, and is in the business of managing and operating retail variety stores known as Wal-Mart, particularly Wal-Mart located at or about 5225 Alexander Road, Dublin, Virginia 24084, in the County of Pulaski, in the Commonwealth of Virginia (hereinafter referred to as "the Store").

9. On or about February 11, 2020, the Plaintiff, Jesse C. Thomas, was an invitee of Defendant, Wal-Mart, located at or about 5225 Alexander Road, Dublin, Virginia 24084, in the County of Pulaski, in the Commonwealth of Virginia.

10. At that time and place, Defendant, Wal-Mart, and their respective agents and employees, had duties:

(a) to maintain the property, and the areas adjoining the property to which the invitees and general public was invited, including the Plaintiff, Jesse C. Thomas, in a reasonably safe condition;

(b) to make reasonable inspections to determine whether any defects, unsafe, or dangerous conditions existed;

(c) to remove and repair within a reasonable time any defect, unsafe, or dangerous conditions, that were known, or in the exercise of ordinary care should have been known, by them, and their employees and agents, to be present or to present a danger to invitees including the Plaintiff, Jesse C. Thomas;

(d) to warn invitees and the general public, including the Plaintiff, Jesse C. Thomas, of any defects, unsafe or dangerous conditions, if unknown, or not reasonably expected to be known, to the Plaintiff, Jesse C. Thomas;

(e) to transport stock and arrange the stock in the display area of the store in a safe and careful manner;

(f) to take other reasonable precautions under the circumstances.

11. Notwithstanding the said duties, Defendant, Wal-Mart, and their respective agents and employees, created and negligently caused and allowed one or more dangerous conditions to exist in, on or about the area of the property; to-wit:



Skolrood
law firm
inade Corporate Center
Colonnade Drive, SW
Suite 225
inoke, Virginia 24018
bone 540-989-0500
Fax 540-989-1888

(a) caused and allowed commercial material to be stocked to dislodge from the machinery on which it was loaded;

(b) created a hidden hazard by maneuvering overstocked pallets during normal business hours in the area where business invitees including the plaintiff were expected to walk, without warning the plaintiff of the items being transported;

(c) failed to make reasonable inspections to determine whether any defects, unsafe, or dangerous conditions existed;

(d) failed to secure the load of stock which was being transported into the store for stocking;

(e) failed to prevent the load of stock from falling off of the pallet creating an unsafe, or dangerous condition involving heavy materials; that was known, or in the exercise of ordinary care should have been known, by them, and their employees and agents. The unsafe condition presented a danger to invitees including the Plaintiff, Jesse C. Thomas;

(f) failed to warn invitees and the general public, including the Plaintiff, Jesse C. Thomas, of the existence of the hazard affecting the aisles, making them unreasonably dangerous for invitees, including the Plaintiff, Jesse C. Thomas, to walk across; and

(g) failed to take other reasonable precautions under the circumstances.

12. Defendant, Wal-Mart, and their respective agents and employees, each knew, or reasonably should have known, of the existence of this dangerous condition.

13. Defendant, Wal-Mart, and their respective agents and employees, did not warn the Plaintiff, Jesse C. Thomas, that this dangerous condition existed.

14. Defendant, Wal-Mart, is vicariously liable for actions, and failures to act, of its respective agents and employees.

15. As a direct and proximate result of the negligence of the Defendant, Wal-Mart, and their respective agents and employees, the contents of the Pallet that was being transported by the agent and/or employee of Wal-Mart fell onto the Plaintiff, Jesse C. Thomas, with great force and violence, causing him to crash into shelving with great force and violence, causing him to sustain serious and permanent bodily injuries; including without limitation, he



Skolrood
law firm
Colonnade Corporate Center
65 Colonnade Drive, SW
Suite 225
Roanoke, Virginia 24018
Phone 540-989-0500
Fax 540-989-1888

4

has suffered and will continue to suffer great pain of body and mind; has sustained permanent disability; has suffered loss of income; has suffered loss of earning capacity; has suffered great inconvenience and mental anguish; and has incurred and will in the future incur hospital, doctors' and related expenses in an effort to treat and be cured of said injuries.

WHEREFORE, Plaintiff, Jesse C. Thomas, moves the Court for judgment against Defendants, Wal-Mart Stores East, LP, Wal-Mart Inc, Wal-Mart Stores, Inc., and Wal-Mart Stores East, Inc., jointly and severally, in the sum of **ONE MILLION DOLLARS ($1,000,000.00)** together with prejudgment interest and his costs in this behalf expended.

THE PLAINTIFF DEMNDS A JURY TRIAL.

JESSE C. THOMAS

By: _____
Counsel

Benjamin J. Sykes, Esq., VSB#79127
SKOLROOD LAW FIRM PC
2965 Colonnade Drive, Suite 225
Roanoke, VA 24018
Telephone (540) 989-0500
Facsimile: (540) 989-1888
Email: bsykes@skolrood.com
*Counsel for Plaintiff*



Skolrood law firm
Colonnade Corporate Center
65 Colonnade Drive, SW
Suite 225
Roanoke, Virginia 24018
Phone 540-989-0500
Fax 540-989-1888

VIRGINIA:

IN THE CIRCUIT COURT FOR THE COUNTY OF PULASKI

| | |
|---|---|
| JESSE C. THOMAS, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>WAL-MART STORES EAST, LP, )<br>WAL-MART, INC., )<br>WAL-MART STORES, INC., )<br>and )<br>WAL-MART STORES EAST, INC., )<br>)<br>    Defendants. ) | Case No.: CL21-660 |

## ANSWER

COME NOW the defendants, Wal-Mart Stores East, LP, Wal-Mart, Inc., Wal-Mart Stores, Inc., and Wal-Mart Stores East, Inc. (collectively referred to herein as "Wal-Mart" or "defendants"), by counsel, and file this Answer to the allegations contained in the plaintiff's Complaint and, in support thereof, state as follows:

1. Wal-Mart admits the allegations stated in paragraph 1 of the plaintiff's Complaint.

2. With regard to paragraph 2, it is admitted that Wal-Mart Stores East, LP, operated the Walmart store located in Dublin, Virginia, on or about the date at issue.

3. Wal-Mart admits the allegations stated in paragraph 3.

4. Wal-Mart denies the allegations set forth in paragraph 4, as stated.

5. Wal-Mart admits the allegations stated in paragraph 5.

6. Wal-Mart denies the allegations set forth in paragraph 6, as stated.

7. Wal-Mart denies the allegations stated in paragraph 7.

8. Wal-Mart denies the allegations stated in paragraph 8.

9. With regard to paragraph 9, it is admitted that the plaintiff was on or near the premises of the Walmart store located in Dublin, Virginia, on or about the date at issue.

10. Paragraph 10 and each of its subparts contain legal conclusions that need not be admitted or denied. To the extent that paragraph 10 and each of its subparts state any factual allegations, all such allegations are denied.

    (a) Paragraph 10(a) states legal conclusions that need not be admitted or denied. To the extent that paragraph 10(a) states any factual allegations, all such allegations are denied.

    (b) Paragraph 10(b) states legal conclusions that need not be admitted or denied. To the extent that paragraph 10(b) states any factual allegations, all such allegations are denied.

    (c) Paragraph 10(c) states legal conclusions that need not be admitted or denied. To the extent that paragraph 10(c) states any factual allegations, all such allegations are denied.

    (d) Paragraph 10(d) states legal conclusions that need not be admitted or denied. To the extent that paragraph 10(d) states any factual allegations, all such allegations are denied.

    (e) Paragraph 10(e) states legal conclusions that need not be admitted or denied. To the extent that paragraph 10(e) states any factual allegations, all such allegations are denied.

    (f) Paragraph 10(f) states legal conclusions that need not be admitted or denied. To the extent that paragraph 10(f) states any factual allegations, all such allegations are denied.

11. Wal-Mart denies the allegations stated in paragraph 11 and each of its subparts.

    (a) Wal-Mart denies the allegations stated in paragraph 11(a).

    (b) Wal-Mart denies the allegations stated in paragraph 11(b).

    (c) Wal-Mart denies the allegations stated in paragraph 11(c).

    (d) Wal-Mart denies the allegations stated in paragraph 11(d).

    (e) Wal-Mart denies the allegations stated in paragraph 11(e).

    (f)    Wal-Mart denies the allegations stated in paragraph 11(f).

    (g)    Wal-Mart denies the allegations stated in paragraph 11(g).

12.    Wal-Mart denies the allegations stated in paragraph 6.

13.    Wal-Mart is currently without sufficient information to admit or deny the allegations stated in paragraph 13 and, therefore, denies the same.

14.    Paragraph 14 states legal conclusions that need not be admitted or denied. To the extent that paragraph 14 states any factual allegations, all such allegations are denied.

15.    Wal-Mart denies the allegations set forth in paragraph 15, as stated.

16.    All allegations in the Complaint not expressly admitted herein are denied.

## Affirmative and Separate Defenses

Wal-Mart states the following as its affirmative and separate defenses:

1.    Wal-Mart denies that the plaintiff's incident occurred as described in his Complaint.

2.    Wal-Mart denies being guilty of any act of negligence which proximately caused the incident in question.

3.    Wal-Mart denies breaching any legal duty owed to the plaintiff.

4.    Wal-Mart affirmatively avers and will make the defense at trial that the plaintiff was contributorily negligent and/or assumed the risk of his injuries, thereby barring his recovery herein, should evidence supporting such defenses be developed during the course of discovery or at trial.

5.    Wal-Mart affirmatively avers and will make the defense at trial that the condition complained of was open and obvious to the plaintiff and, therefore, required no warning on its part, should such a defense be developed during the course of discovery or at trial.

6. Wal-Mart affirmatively avers and will make the defense at trial that the condition complained of does not amount to an "unsafe condition" or "defect" under Virginia law, should evidence supporting such a defense be developed during the course of discovery or at trial.

7. Wal-Mart affirmatively avers and will make the defense at trial that the plaintiff's injuries were caused by a third party or parties for whose actions it is not responsible at law, should evidence supporting such a defense be developed during the course of discovery or at trial.

8. Wal-Mart reserves the right to rely upon any and all defenses available to it under the law, specifically including, but not limited to, failure to file suit within the applicable statute of limitations, accord and satisfaction, and/or failure to mitigate damages, should evidence supporting such defenses be developed during the course of discovery or at trial.

9. Wal-Mart denies that the plaintiff was injured and damaged to the extent and with the consequences alleged in the Complaint and, therefore, calls upon the plaintiff for strict proof of all such alleged damages.

10. Wal-Mart demands a trial by jury.

                        WAL-MART STORES EAST, LP,
                        WAL-MART, INC.,
                        WAL-MART STORES, INC., and
                        WAL-MART STORES EAST, INC.

By: _____
      Of Counsel

4

C. Kailani Memmer (VSB No. 34673)
Victor S. ("Dinny") Skaff, III (VSB No. 40054)
Madison C. Guidry (VSB No. 95379)
GLENN ROBINSON CATHEY MEMMER & SKAFF PLC
Fulton Motor Lofts
400 Salem Avenue, S.W., Suite 100
Roanoke, Virginia 24016
Telephone: (540) 767-2200
Facsimile: (540) 767-2220
kmemmer@glennrob.com
vskaff@glennrob.com
mguidry@glennrob.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on 18th day of January, 2022, a copy of the foregoing Answer was sent by first-class mail to the following:

Benjamin J. Sykes, Esq. (VSB No. 79127)
SKOLROOD LAW FIRM PC
2965 Colonnade Drive, Suite 225
Roanoke, Virginia 24018
Telephone: (540) 989-0500
Facsimile: (540) 989-1888
bsykes@skolrood.com

*Counsel for Plaintiff*

By: _____
     Of Counsel

5